DowNey, Judge,
delivered the opinion of the court:
Plaintiff sues to recover $2,833.75, being $2,500 paid by it as premium on its performance bond in the sum of $250,000, given to secure its performance of a contract for the construction of cantonment buildings at American Lake, Wash., and $333.75, paid for fidelity insurance on certain of its employees.
The defendant concedes plaintiff’s right, under the Mason da Ranger ease (260 TJ. S. 323), to recover the premium paid for its performance bond, disputes its right to recover the other item, and asserts a counterclaim in three items of $2,510.66, $2,984.75, and $1,353.26, but upon submission abandons the first two items. The issues are narrowed to the item of $333.75 claimed by plaintiff and the item of $1,353.26 asserted by defendant by way of counterclaim.
The contract, which was on a cost-plus basis, authorized the inclusion in “ Cost of the work ” of “ such bonds, fire, liability, and other insurance as the contracting officer may approve or require,” and it does not appear that the contracting officer either required or approved this fidelity insurance. An attempt is made to supply the deficiency by the testimony of General Marshall as to the procedure in connection with the Mason & Hanger contract and that it was intended that the rule of that case should apply in all others like it, of which this was one. No mention is made of the fact that this witness is examined at length with reference to “ liability ” insurance, the desirability of which he explains, and which was included in the Mason c& Ranger ease, while the claim here is for “ fidelity ” insurance on *108 four of plaintiff’s employees, but, eliminating that discrepancy, the plaintiff can not recover here on such a theory. Its rights must be determined by the contract and it has failed to bring this claim within the provision quoted.
Whatever the merits of the remaining item of defendant’s counterclaim may be, it must fail for want of proof. It is recognized that, as stated upon submission of the case, proper proof of the items involved in this amount might entail on the United States more expense than the amount involved would justify, but that situation can not justify the acceptance by the court as proof of that which can not by any possibility be so recognized. It is but the summary of a clerk as to differences in disbursing officers’ accounts which may be correct, but, equally within the range of possibility, may be incorrect, and which, without proper support, can not be accepted as sufficient to impeach an accomplished settlement with the plaintiff. We do not find that the statutes and authorities cited go to the extent to which they are invoked.
We conclude that the plaintiff is entitled to recover the item of $2,500, that it is not entitled to recover the item of $333.75, and that the defendant is not entitled to recover on its counterclaim, and we have so ordered.
Graham, Judge; Hat, Judge; Booth, Judge; and Campbell, Chief Justice, concur.