Campbell, Chief Justice,
delivered the opinion of the court:
The plaintiff’s claim of $3,103, arising out of the expense incurred in furnishing the bond required by the con *426 tract and the agreed fee, is uncontested in amount and is clearly allowable. See United States v. Mason & Hanger Co., 260 U. S. 323; Hurley-Mason Company case, 62 C. Cls. 105. Admitting this item, however, the defendant interposes a counterclaim in which the item above mentioned is conceded, but it is alleged that the plaintiff has been overpaid on account of other items set forth in the counterclaim. There is a report of facts by a commissioner to which there is no exception. It appears that the plaintiff, after the contracting officer had refused to approve certain items of expenditure made by the plaintiff under its “ cost-plus ” contract, submitted its claims under the contract to the Secretary of War. The Board of Contract Adjustment was one of the agencies used by the Secretary of War and organized under General Order No. 103 to represent the Secretary in making the examination of contracts such as the one in this case. This board made an elaborate report upon the claim in question. See vol. 2, Decisions Board of Contract Adjustment, p. 180. The items in question were allowed in a less sum than claimed by the plaintiff and a voucher was authorized in the sum of $8,270.10, in full settlement of the disputed items. The contract authorized an appeal to the Secretary of War and made his decision final. The action of the board was his action. This provision has been frequently construed. See Kihlberg case, 97 U. S. 398, 401; Brinck case, 53 C. Cls. 170, 177.
There was, however, deducted from the amount so ascertained the item now claimed and only the balance was paid. We find no authority for withholding the cost of premium, on the bond as already stated. The plaintiff is therefore entitled to judgment. And it is so ordered.
Moss, Judge; Geaham, Judge; and Booth, Judge, concur,
GeeeN, Judge, took no part in the decision of this case.